UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02458-SEB-TAB |
| | ) |
| RANDALL BUCK, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Now before the Court is Defendant's Motion for Summary Judgment [Dkt. 46]. Plaintiff James Smith brought this action pursuant to 42 U.S.C. § 1983 against Defendant Randall Buck, a police officer with the Indianapolis Metropolitan Police Department ("IMPD"), alleging that Officer Buck violated Mr. Smith's Fourteenth Amendment rights by failing to provide him with notice of forfeiture proceedings against him. For the reasons detailed below, we GRANT Defendant's Motion for Summary Judgment.

**Factual Background**

**April 3, 2019 Search of Plaintiff's Residence**

On April 3, 2019, IMPD officers conducted a search of the residence located at 5855 Bonnie Brae Street, Indianapolis, Indiana 46228. Buck Aff. at 1; Cosler Aff. at 1. At the time of the search, Mr. Smith shared the residence with Paul Florien and Bryson Dye. Buck Aff. at 2–3; Cosler Aff. at 2–4. The purpose of the home visit was to check on Mr. Florien, who was at that time serving a sentence to home detention in Marion Superior Court Cause Number 49G21-1608-F2-030229. After detecting an odor of

marijuana at the home, the Community Corrections Officer requested backup assistance, and several IMPD officers, including Officer Buck and Officer Robert Cosler, responded to the call to assist with the home visit and subsequent search of the residence.  Buck Aff. at 1; Cosler Aff. at 1.  Mr. Florien and Mr. Dye were present at the residence during the home visit, but Plaintiff Smith was away from the home when the search was conducted.  Buck Aff. at 1–2; Cosler Aff. at 1–3, 7–8.

Following the search, Mr. Florien and Mr. Dye were arrested and charged with felony offenses.  Buck Aff. at 7; Cosler Aff. at 3.  IMPD Officer Molly McAfee transported property that had been seized from the residence, including $16,957.00 in United States currency, to the IMPD's property room.  Buck Dep. at 51–52.  Officer Buck was not involved in the completion of the property voucher for the seized currency nor was he involved in transporting any of the seized property to the property room following the search.  *Id.* at 52.

**April 8, 2019 Buck Affidavit**

On April 8, 2019, five days after the search of Mr. Smith's residence, Officer Buck drafted and signed an Affidavit for Probable Cause ("Buck Affidavit") for the arrest of Mr. Florien and Mr. Dye.  Buck Aff. at 7; Buck Dep. at 45–46.  The Buck Affidavit included a summary of the details of the search and itemized the seized property, including the seized United State currency.  Various amounts of currency had been seized from three separate bedrooms in the home, totaling $16,957.00.  Buck Aff. at 4; Buck Dep. at 53–54.

Officer Buck identified various documents in his affidavit to connect the individuals with the home as residents thereof.  Regarding Plaintiff, the Buck Affidavit identified "[l]inking documents containing an IPL bill sent to the address of 5855 Bonnie Brae St. containing the name Jason Smith …."  Buck Aff. at 3.  Photographs taken and submitted with the Buck Affidavit show that the IPL bill is addressed to "James Smith," rather than "Jason Smith" as the Buck Affidavit states.  Buck Dep. at 54–55.  According to Officer Buck, he did not intentionally write the incorrect first name when describing the IPL bill intended to identify Plaintiff but simply made a typographical error when he wrote "Jason Smith" instead of Plaintiff's name, "James Smith." *Id.* at 49–50.

Before submitting the Buck Affidavit to establish probable cause for Mr. Florien's and Mr. Dye's arrests, Officer Buck amended his affidavit to correct the amount of currency that was seized from the residence.  Buck Dep. at 61.  This was the only amendment made to the Buck Affidavit; Officer Buck never amended or altered the incorrect information as to Plaintiff's name.  *Id.*

**April 25, 2019 Cosler Affidavit**

On April 25, 2019, Officer Cosler drafted and signed an Affidavit for Probable Cause ("Cosler Affidavit") to support the issuance of a warrant for Plaintiff's arrest.  Cosler Aff.; Buck Dep. at 46.  Similar to the Buck Affidavit, the Cosler Affidavit contained a summary of the search of the residence, including an itemized list of property discovered therein and seized.  Cosler Aff. at 1–7.  The Cosler Affidavit also attached the IPL bill used in the Buck Affidavit as a linking document to identify Plaintiff, but, unlike the Buck Affidavit, the Cosler Affidavit correctly named "James Smith" as the addressee

3

of the IPL bill. Cosler Aff. at 4. The Cosler Affidavit was drafted and filed after the Buck Affidavit, and Officer Buck was not involved in drafting or altering the Cosler Affidavit. Buck Dep. at 46–47.

The Cosler Affidavit provided the basis for the criminal proceedings brought against Plaintiff Smith in Marion Superior Court Cause Number 49G09-1904-F4-015857 for the offense of alleged Unlawful Possession of a Firearm by a Serious Violent Felon, Dealing Marijuana, and Possession of Marijuana. *Id.* at 46. On October 6, 2020, the State of Indiana (the "State") dismissed these criminal charges against Mr. Smith.

**The Forfeiture Action**

On April 9, 2019, the date of the Buck Affidavit, the State initiated a civil forfeiture proceeding regarding the $16,957.00 and naming Mr. Florien and Mr. Dye as defendants in Marion Superior Court Case Number 49D11-1904-MI-014307 ("Forfeiture Action"). The State filed the Buck Affidavit as an initiating document to support the forfeiture complaint. Officer Buck is a patrol officer and has never been assigned to work in the IMPD's forfeiture unit. Buck Dep. at 58. He was not involved in initiating the Forfeiture Action, nor was he ever aware that such a proceeding was filed. *Id.* at 42. He also did not draft a new affidavit to establish probable cause for the Forfeiture Action, he did not communicate with the attorney for the State of Indiana, nor did he have any knowledge that the Buck Affidavit would be used as a basis for the Forfeiture Action. *Id.* at 40, 56, 57.

On September 23, 2019, the Court entered a default judgment in the Forfeiture Action. On June 23, 2021, Plaintiff Smith filed a motion for return of property in his

criminal case, but later voluntarily withdrew his motion to file it instead in the Forfeiture Action. On September 3, 2021, he filed a motion to set aside the default judgment in the Forfeiture Action, which motion was denied by the state court on September 9, 2021.

**The Instant Litigation**

On September 17, 2021, Mr. Smith filed the Complaint in this case against Officer Buck, alleging violations of his Fourth and Fourteenth Amendment rights with regard to the forfeiture of the $16,957.00 in currency. On January 4, 2022, Officer Buck filed a Motion for Judgment on the Pleadings, arguing that Mr. Smith's claims were time-barred. On August 29, 2022, the Court issued an Order granting in part and denying in part Officer Buck's motion. As a result, Mr. Smith's only remaining claim is that Officer Buck violated his Fourteenth Amendment rights in the forfeiture process.[1]

<u>**Legal Analysis**</u>

I.  **Summary Judgment Standard**

Summary judgment is appropriate where there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court must grant a motion for summary judgment if it appears that no reasonable trier of fact could find in favor of the nonmovant on the basis of the designated admissible evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). We neither weigh the evidence nor evaluate

---

[1] Mr. Smith's Statement of Claims [Dkt. 44] references a fraudulent concealment claim, but as we made clear in our Order on Defendant's Motion for Judgment on the Pleadings, fraudulent concealment is not an independent cause of action. Dkt. 32 at 11, n.7.

the credibility of witnesses, *id.* at 255, but view the facts and the reasonable inferences flowing from them in the light most favorable to the nonmovant. *McConnell v. McKillip*, 573 F. Supp. 2d 1090, 1097 (S.D. Ind. 2008).

## II.     Discussion

Mr. Smith claims that Officer Buck violated his due process rights by failing to provide Mr. Smith with proper notice of the Forfeiture Action. Officer Buck argues that he is entitled to summary judgment because he had no personal involvement in the civil forfeiture of Mr. Smith's currency and thus cannot be held liable under 42 U.S.C. § 1983.

"Individual liability under § 1983 … requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (citation and internal quotation marks omitted). For liability to attach, a defendant "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

Here, Mr. Smith has failed to adduce evidence in the record from which a jury could find a "causal connection or affirmative link" between any action or inaction by Officer Buck and his failure to receive notification of the Forfeiture Action.[2] It is true

---

[2] Mr. Smith focuses heavily on the fact that Officer Buck was involved in the seizure of the currency that was eventually forfeited to establish Officer Buck's personal involvement in the violation of Mr. Smith's constitutional rights. However, the only claim remaining in this lawsuit, to wit, Mr. Smith's claim that his failure to receive notice of the forfeiture action violated his due

6

that the probable cause affidavit prepared by Officer Buck in support of the arrests of Mr. Smith's roommates on drug and firearms charges "linked" Mr. Smith to the residence where the seized currency was located via a utility bill bearing his name and that the State of Indiana utilized Officer Buck's affidavit as a factual basis for the initiation of the Forfeiture Action.  The undisputed evidence establishes that Officer Buck had no personal involvement in the filing of the Forfeiture Action—he was never assigned to the forfeiture unit; had no involvement in determining who would be named as defendants in the Forfeiture Action; did not provide the probable cause affidavit to the prosecutor that was used by the prosecutor to initiate the forfeiture proceedings; was, in fact, unaware that his affidavit would be so used; and, further, did not know until this lawsuit was filed against him that a forfeiture action involving the seized currency was ever pending in state court.

     Based on these facts, no reasonable jury could find that Officer Buck had any, never mind sufficient personal involvement in the Forfeiture Action such that he could be held liable for any violation of Mr. Smith's due process rights stemming from a failure to receive notice of that proceeding.  Without proof of a causal connection between Officer Buck's actions and Mr. Smith's alleged constitutional deprivation, namely, his failure to receive notice of the Forfeiture Action, Mr. Smith's § 1983 claim does not survive

---

process rights, is not related to any illegality associated with the seizure.  Accordingly, beyond the fact that Officer Buck was aware that the seized currency was being transferred to the forfeiture unit, his limited involvement in the seizure is not otherwise relevant to the sole claim at issue in this litigation, to wit, the adequacy of notice of the forfeiture.

summary judgment. Accordingly, Officer Buck is entitled to summary judgment in his favor in this litigation.

### III. Conclusion

For the reasons detailed above, Defendant's Motion for Summary Judgment [Dkt. 46] is GRANTED. Final judgment shall enter accordingly in Defendant's favor.

IT IS SO ORDERED.

Date: 6/15/2023

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Brandon E. Beeler
Office of Corporation Counsel
brandon.beeler@indy.gov

Terrance Lamont Kinnard
KINNARD & SCOTT
tkinnard@kinnardlaw.net